**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

```
WHOLESALE MERCHANT PROCESSING, INC.,)
an Oregon corporation,              )
                                    )
            Plaintiff,              )   No. 03:12-cv-02003-HU
                                    )
vs.                                 )
                                    )
ORION COMMUNICATIONS, INC.,         )   FINDINGS & RECOMMENDATIONS
a Kansas corporation,               )      ON MOTION TO DISMISS
                                    )
            Defendant.              )
         _____
```

Alec J. Laidlaw
Laidlaw & Laidlaw, P.C.
21590 Willamette Drive
West Linn, OR 97068

       Attorney for Plaintiff

Christopher E. Hawk
Daniel J. Nichols
Gordon & Rees LLP
121 S.W. Morrison Street
Suite 1575
Portland, OR 97204

       Attorneys for Defendants

1 - FINDINGS & RECOMMENDATIONS

HUBEL, Magistrate Judge:

This case involves an autodialer unit the plaintiff Wholesale Merchant Processing, Inc. ("WMP") purchased from the defendant Orion Communications, Inc. ("Orion"). The terms of the sale were memorialized in a document entitled "Orion Communications, Inc. End User License Agreement" (the "Agreement"), signed by the parties on July 21, 2011. A copy of the Agreement is attached as Exhibit A to WMP's Complaint. *See* Dkt. #1-1. In its Complaint, WMP alleges the autodialer system was defective, and despite repeated attempts to make the system work, Orion ultimately failed to fix the system. WMP sues for breach of contract, breach of the implied covenant of good faith and fair dealing, and rescission. *See* Dkt. #1, Complaint.

The case is before the court on Orion's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Orion bases its motion on a forum selection clause contained in the Agreement, which provides as follows:

> (m) <u>Dispute Resolution</u>. This Agreement is made under and will be construed in accordance with the laws of the State of Kansas, other than such laws, rules, regulations and case law that would result in the application of the laws of a jurisdiction other than the State of Kansas. . . . **The parties agree that exclusive venue for any dispute arising under or in connection with this Agreement shall be in the federal district court for the District of Kansas or the state court for the City and County of Olathe, Kansas.** Each party hereby agrees that such courts shall have in personam jurisdiction and venue with respect to such party, and each party hereby submits to the in personam jurisdiction and venue of such courts **and waives any objection based on inconvenient forum.**

Agreement ¶ 9(m), Dkt. #1-1, ECF p. 6 (emphasis added).

2 - FINDINGS & RECOMMENDATIONS

Despite the existence of a forum selection clause in the Agreement, WMP argues it would be "unreasonable and unjust, under the circumstances," to force WMP to litigate in Kansas. Dkt. #17, p. 1. According to WMP, the autodialer system was shipped to its offices in Oregon, and installed there. When the system failed to work as contemplated, Orion sent an independent contractor to Oregon, to work with WMP in an attempt to rectify the problems. WMP claims it will require testimony from more than twenty witnesses in the Portland, Oregon, metropolitan area, and the cost of producing those witnesses in Kansas would be prohibitive. WMP maintains that forcing it to litigate in Kansas "would effectively deprive WMP of its ability to litigate this matter." *Id.*, p. 3 (relying on *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 515 (9th Cir. 1988); *Mittendorf v. Stone Lumber Co.*, 874 F. Supp. 292 (D. Or. 1994)). In the alternative, WMP argues that because it is justified in rescinding the Agreement, the forum selection clause is unenforceable, and this court should exercise jurisdiction over Orion based on Orion's contacts with Oregon. *Id.*, pp. 4-6.

Orion responds that WMP's claims of *forum non conveniens* do not meet the "very high" standard required for invalidation of the forum selection clause. Dkt. #19, p. 3 (citing *Holck v. Bank of N.Y. Mellon Corp.*, 769 F. Supp. 2d 1240, 1251 (D. Haw. 2011) ("'trial in the contractual forum must be so gravely difficult and inconvenient that the plaintiff will for all practical purposes be deprived of [its] day in court,'" quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18, 92 S. Ct. 1907, 1917, 32 L. Ed. 2d 513 (1972)). Orion argues WMP's claim that its rescission of the

3 - FINDINGS & RECOMMENDATIONS

Agreement renders the forum selection clause unenforceable "puts the cart before the horse." *Id.*, p. 5. Orion asserts the question of whether Orion breached the Agreement must be litigated first, and that litigation should take place in Kansas. *Id.* (citing *Premier Jets, Inc. v. Honeywell Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32956, at 11-12, 2008 WL 1840753 (D. Or. Apr. 21, 2008).[*]

### *DISCUSSION*

The parties have not addressed what law the court should apply in determining the enforceability of the forum selection clause. Judge Anna Brown of this court recently considered this choice-of-law issue, noting the circuits are split as to whether a federal court sitting in diversity should apply the law of the state designated in the contract, the law of the forum state, or federal common law. Judge Brown held that in the Ninth Circuit, "the enforceability of contractual forum-selection clauses is a matter of federal procedural law." *Indoor Billboard N.W. Inc. v. M2 Systems Corp.*, ___ F. Supp. 2d ___, 2013 WL 486668, at *4 (D. Or. Feb. 6, 2013) (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). Similarly, "'[b]ecause

---

[*] Orion cites *Premier Jets* for the proposition that the "question of contract rescission should be decided in [the] forum selected in [the] parties' agreement." Dkt. #19, p. 5. The *Premier Jets* holding was not as broad as Orion suggests. The court simply noted that questions regarding the interaction between the applicable statute "and the common law of contracts allowing rescission [would] likely need to be answered by whichever court resolves the merits of [the] dispute." 2008 WL 184-753, at *3. The court held the forum selection clause at issue was valid and binding, and dismissed the case for improper venue. *Id.* This is a far cry from holding that questions of contract rescission "should be decided in [the] forum selected in [the] parties' agreement."

4 - FINDINGS & RECOMMENDATIONS

enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses.'" *Id.* (quoting *Manetti-Farrow*, 858 F.2d at 513). Here, however, the parties have not asserted any disagreement regarding the meaning of the forum selection clause. Their dispute involves only whether the clause, the terms of which are clear and straightforward, should be enforced.

In the Ninth Circuit, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal quotation marks omitted; citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). The "unreasonable under the circumstances" exception has been construed narrowly by the United States Supreme Court. *Id.* In *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), the Court set forth factors to be considered in determining whether a forum selection clause is unreasonable. The *Argueta* court described these factors as follows:

> A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, *Carnival Cruise Lines [v. Shute]*, 499 U.S. [585,] 591, 111 S. Ct. [1522,] 1526[, 113 L. Ed. 2d 622 (1991)]; *Bremen*, 407 U.S. at 12-13, 92 S. Ct. at 1914; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," *Bremen*, 407 U.S. at 18, 92 S. Ct. at 1917; or (3) enforcement of the clause would contravene a strong

5 - FINDINGS & RECOMMENDATIONS

>public policy of the forum in which the suit is brought. *Id.* at 15, 92 S. Ct. at 1916. To establish the unreasonableness of a forum selection clause, [the complaining party has] the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." [Citation omitted.]

*Argueta*, 87 F.3d at 325. The *Argueta* court noted that although *Bremen* was "an admiralty case, its standard has been widely applied to forum selection clauses in general." *Id.* (citations omitted).

    WMP has not alleged that the forum selection clause was incorporated into the Agreement due to fraud or undue influence, and nothing in the record suggests this was anything other than an arm's-length transaction between two commercial corporations with equal bargaining power. WMP bases its arguments on the second and third factors, arguing that forcing it to litigate in Kansas would effectively deprive WMP of its day in court, and Oregon public policy dictates that the trial be here.

    Regarding WMP's claim that trying this case in Kansas would effectively deprive WMP of its day in court, WMP's arguments mirror those of the plaintiff in *Premier Jets, Inc. v. Honeywell International, Inc.*, 2008 WL 1840753 (D. Or. Apr. 21, 2008) (Haggerty, CJ). There, as here, the plaintiff basically argued litigating in the remote forum would be more expensive and inconvenient. The court noted it was "unclear how added expense and inconvenience would 'effectively deprive' [the plaintiff] of its day in court." *Premier Jets*, 2008 WL 1840753, at *3 (citing *Crown Bev. Co. v. Cerveceria Moctezuma, S.A.*, 663 F.2d 886, 888-89 (9th Cir. 1981) (*per curiam*) "(affirming dismissal under forum selection clause that forced a small company to litigate in a Mexican court)").

6 - FINDINGS & RECOMMENDATIONS

WMP's claim that it likely will be "unable to litigate this matter in Kansas due to the unreasonable financial burden" also is unpersuasive. WMP insists its many Oregon witnesses must be present to testify in person, because "[t]elephone testimony of these numerous witnesses . . . would deprive WMP of its day in court." Dkt. #18, p. 3. WMP argues, "It is imperative for the Court to view these individuals in person to understand the technical nature of the claims at hand." *Id.* In today's technological age, this argument is unpersuasive, at best. The trial testimony of WMP's witnesses can be presented by means of videotape, or perhaps even live by means of video conference if the trial court has that capability. Either would allow the trier of fact to evaluate the credibility of the witnesses, and "understand the technological nature of the claims at hand."

The only public policy argument WMP advances is its assertion that Oregon has more "connections" to this case than does Kansas. WMP cites no case law, from any jurisdiction, to support its argument that public policy dictates trying a lawsuit in the forum with the greatest connections to the case. Indeed, "Oregon public policy favors forum selection clauses that were freely negotiated." *Harry & David v. J&P Acquisition*, 2009 WL 4892296, at *8 (D. Or. Dec. 17, 2009) (Panner, J) (citing *Reeves v. Chem Industrial Co.*, 494 P.2d 729 (Or. 1972) "(finding that Forum selection clauses are favored in Oregon, absent overreaching or fraud)").

WMP further argues Orion's alleged breach of the Agreement allows WMP to rescind the Agreement in its entirety, including the forum selection clause. The court agrees with Orion that this argument puts the proverbial cart before the horse. Whether WMP

7 - FINDINGS & RECOMMENDATIONS

can rightfully rescind the Agreement is one of the questions that must be decided in this case. Interpretation of the forum selection clause is necessary to determine where the rescission claim will be tried. *See Indoor Billboard*, 2013 WL 486668, at *4.

The court finds that the forum selection clause in the Agreement is valid, binding, and enforceable. As a result, the defendants' motion to dismiss for improper venue should be granted, and this matter should be dismissed without prejudice.

### *VII.  SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **March 22, 2013**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **April 8, 2013**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this  4th  day of March, 2013.


　　　　　　　　　　　　　　　　 /s/ Dennis James Hubel
　　　　　　　　　　　　　　　　Dennis James Hubel
　　　　　　　　　　　　　　　　Unites States Magistrate Judge

8 - FINDINGS & RECOMMENDATIONS